United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER COOPER PEDRO,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX, *et al.*,<br>Respondents. | Case No. 1:26-cv-06437-NW<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: ECF No. 1 |

This habeas action concerns the detention of Petitioner Walter Cooper Pedro, who has been detained by U.S. Immigration and Customs Enforcement ("ICE") for nearly a year. For the reasons explained below, the Court denies Petitioner's writ of habeas corpus and resolves the motion for immediate release as moot.

## I. BACKGROUND

Petitioner is a citizen of Cuba who first entered the United States in January 2024. *See* Dkt. No. 7 at 24; Dkt. No. 1 at 6. He was briefly taken into custody by DHS, granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A), and released into the United States. Dkt. No. 7 at 45. His parole expired in April 2025. *Id.* Following the expiration of his parole, Petitioner alleges that he applied for permanent residency with USCIS under the Cuban Adjustment Act. Dkt. No. 1 at 11. He contends that he received a social security card, driver's license, and work permit from USCIS following submission of his application. *Id.*

On September 1, 2025, Petitioner was arrested for a domestic violence related offense and taken into state custody. *See* Dkt. No. 7 at 20–21, 24. The charges against Petitioner were dropped on September 12, 2025. *Id.* at 21. Rather than being released from county jail, Petitioner

was transferred to ICE custody. *See id.* at 24. Petitioner was served with a Notice to Appear designating him as an "arriving alien[,]" and charging him as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) shortly thereafter. *Id.* at 8.

Petitioner previously sought habeas relief in the Middle District of Florida. *See Pedro v. Warden, Glades County Det. Ctr.*, Case No. 2:26-cv-524-KCD-DNF, ECF No. 5 (M.D. Fla. April 1, 2026). The district court denied the petition in April 2026, finding that Petitioner's detention was mandatory under 8 U.S.C. § 1225(b)(2). *Id.* at 3–12. Petitioner was subsequently transferred to a detention facility in the Southern District of Florida and filed a second habeas petition in that district. *See Pedro v. Warden, Krome North Service Processing Ctr.*, Case No. 1:26-cv-23338-MD, ECF No. 7 (S.D. Fla. July 8, 2026). The district court there granted relief in part, finding that Petitioner's detention was controlled by 8 U.S.C. § 1226(a), entitling Petitioner to receive a bond hearing. *Id.* at 3–5.

Petitioner received that bond hearing in July 2026, at which the immigration judge denied release, finding that Petitioner was a significant flight risk that no amount of bond would mitigate. *See* Dkt. No. 7 at 77. In denying release, the immigration judge produced a lengthy order, citing Petitioner's recent arrest, lack of familial ties to the United States, recent entry into the United States, and the likelihood of relief from removal as the basis for denial. *Id.* at 74–77.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v.*

*Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner argues that due process required he be provided notice and a pre-deprivation hearing *before* ICE could re-detain him given his prior grant of humanitarian parole. *See* Dkt. No. 1 at 6. Respondents oppose relief on three grounds: (1) the petition should be denied under the abuse of the writ doctrine; (2) the petition should be denied as Petitioner has not exhausted his administrative remedies by appealing his bond denial to the Board of Immigration Appeals; and (3) Petitioner's detention is mandatory under § 1225(b)(1). *See* Dkt. No. 7 at 1–4. Though these arguments lack merit, Petitioner is not entitled to further relief on his due process claim at this time.

### A. Abuse of the Writ

The Ninth Circuit has recognized that the common law doctrine of the abuse of the writ can apply to successive habeas petitions challenging immigration detention filed pursuant to § 2241. *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). "Generally, the abuse of the writ doctrine 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001) (quoting *Calderon v. United States Dist. Ct.*, 163 F.3d 530, 538 (9th Cir. 1998) (en banc)). It is the Government's burden to plead abuse of the writ by noting, with clarity and particularly, petitioner's prior writ history and the claims that appear for the first time. *McClesky v. Zant*, 499 U.S. 467, 494-95 (1991). If the Government meets this burden, the burden shifts to Petitioner to "show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." *Alaimalo*, 645 F.3d at 844.

Here, Petitioner filed his first petitions pro se. In the petition on which he was most recently granted relief—*Pedro v. Warden, Krome North Service Processing Ctr.*, Case No. 1:26-cv-23338-MD—he did not assert a claim for a due process violation premised on the Government's failure to provide him with pre-deprivation process. *See* Dkt. No. 7 at 40–41. Rather, the petition largely alleged that the Government's failure to provide Petitioner with a bond

hearing violated his due process right. *Id.* As Petitioner's procedural due process claim premised on his re-detention without pre-deprivation process has merit, it would be a miscarriage of justice to not consider the claim here. *See Morazan Centeno v. Warden/Facility Adm'r, Adelanto ICE Processing Ctr.*, No. 5:26-CV-05009-KES, 2026 WL 3122455 (C.D. Cal. Oct. 19, 2026) (finding cause to consider petitioner's second petition where first petition was filed pro se without the benefit of counsel).

**B. Exhaustion**

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

One such exception that courts have recognized is where a petitioner's detention "has been carried out without notice and an individualized assessment" in violation of due process. *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-02544-DAD-AC, 2026 WL 1078250 (E.D. Cal. Apr. 21, 2026). This type of claim cannot be reviewed by the BIA because it "is well settled that [the BIA] lack[s] jurisdiction to rule on the constitutionality of the [Immigration and Nationality Act] and [its] regulations." *In re Fuentes-Campos*, 21 I. & N. Dec. 905, 912 (BIA 1997); *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995) ("Clearly the BIA has no jurisdiction to decide questions of the constitutionality of the immigration laws"). As Petitioner brings a claim that his detention without notice and a pre-deprivation hearing violated his procedural due process

rights under the Fifth Amendment, the Court proceeds to the merits of his due process claim.

**C. Due Process**

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). Though Petitioner clearly has a protected liberty interest in his freedom, the Court finds that due process does not require his release or further process at this time.

**1. Liberty Interest**

A protected liberty interest may arise from a conditional release from physical restraint. *Young v. Harper*, 520 U.S. 143, 147–49 (1997). Accordingly, courts throughout the Ninth Circuit have found that noncitizens paroled into the country obtain a liberty interest in their continued freedom. *See, e.g.*, *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562, at *5 (E.D. Cal. Nov. 10, 2025); *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094, 1103 (E.D. Cal. 2026); *Zeus Humberto R.Z. v. Chestnut*, No. 1:26-CV-07791-TLN-SCR, 2026 WL 3181271, at *2 (E.D. Cal. Oct. 23, 2026). Even though "ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). The same is true for Petitioner here who was paroled into the United States by DHS in 2024, and permitted to live at liberty for nearly two years prior to his re-detention. This liberty interest exists regardless of whether Petitioner's detention is controlled by 8 U.S.C. § 1225(b)(1) or (2), as Respondents argue. *See Noelvys R.D. v. Warden, Central Valley Annex Det. Facility*, No. 1:26-CV-08234-MKD, 2026 WL 3269934, at *1 (E.D. Cal. Oct. 30, 2026) (explaining that petitioner previously released on humanitarian parole may still challenge the constitutionality of his detention, even if his detention is controlled by § 1225(b)).

### 2. *Matthews* Factors

Turning next to what process is due, many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) “the private interest that will be affected by the official action,” (2) “the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards,” and (3) “the Government’s interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.” *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Here these factors weigh in the Government’s favor.

The first factor—the private interest that will be affected if Petitioner’s detention continues—favors Petitioner. He has been detained for nearly a year, and prior to his re-detention he had been at liberty for nearly two years. “Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [Due Process] Clause protects.” *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). In addition, in *Rodriguez Diaz*, the Ninth Circuit considered a similar length of detention and “assume[d] that [petitioner’s] detention qualifies as ‘prolonged’ in a general sense.” *Rodriguez Diaz*, 53 F.4th at 1207 (citing, *inter alia, Diouf v. Napolitano*, 634 F.3d 1081, 1091 (9th Cir. 2011)). A noncitizen’s private interest in “freedom from prolonged detention” is “unquestionably substantial.” *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011).

The second factor considers “the risk of an erroneous deprivation of [Petitioner’s] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards[.]” *Mathews*, 424 U.S. at 335. This factor tips in the Government’s favor. Though the “risk of an erroneous deprivation of [a petitioner’s] interest is high” where a detainee “has not received any bond or custody redetermination hearing,” Petitioner has received a bond hearing here. *Jimenez v. Wolf*, No. 19-CV-07996-NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020). At the hearing the immigration judge concluded Petitioner was an “flight risk” due to a multitude of factors, including his recent arrest, speculative relief from removal, lack of familial ties, and

United States District Court
Eastern District of California

recent entry into the United States. *See* Dkt. No. 7 at 74–77.

Though Petitioner was not provided with this hearing until several months after his arrest, the Court cannot find that providing this hearing *before* he was re-detained would have prevented an erroneous deprivation of Petitioner's liberty as the Government had a prima facie basis for revocation of Petitioner's parole at the time of his arrest—specifically his recent domestic violence related charge. Indeed, ICE detained Petitioner following his release from county jail. Courts in this district have found that pre-deprivation process is not necessary in circumstances where "Respondents may well have a legitimate interest in Petitioner's detention based on the nature and recency of Petitioner's encounters with law enforcement[,]" and instead any due process violation can be remedied by post-deprivation process. *Novais Delgado v. Warden of the California City Det. Facility*, No. 1:26-CV-07027-JLT-EPG, 2026 WL 2718830, at *2 (E.D. Cal. Sept. 15, 2026); *see also*, *Galindo Vega v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-03604-DC-SCR, 2026 WL 1707804, at *1 (E.D. Cal. June 12, 2026) (finding that post-arrest hearing was sufficient process where Petitioner was detained immediately following his arrest and has criminal charges pending against); *Addemys N.R. v. Warden of California City Det. Facility*, No. 1:26-CV-03892-MWJS, 2026 WL 1831763, at *3 (E.D. Cal. June 25, 2026) (similar). That is effectively what occurred here. Accordingly, the second *Mathews* factor tips in the Government's favor.

The third factor—the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail—weighs in the Government's favor as well. The Government's aim of "protecting the public from dangerous criminal aliens" and "increas[ing] the chance that, if ordered removed, the aliens will be successfully removed" are "interests of the highest order that only increase with the passage of time." *Rodriguez Diaz*, 53 F.4th at 1208 (quotations omitted). However, as other courts have recognized, the key Government interest at stake here "is not the continued detention of Petitioner, but the government's ability to detain him without a bond hearing." *Zagal-Alcaraz v. ICE Field Office Director*, No 19-CV-01358-SB, 2020 WL 1862254, at *7 (D. Or. March 25, 2020) (collecting cases). Here, the Government held a substantive bond hearing for Petitioner in July 2026. Given (1) the recency of Petitioner's bond hearing, (2) the Government's interests in

United States District Court
Eastern District of California

assuring Petitioner's presence for removal, and (3) the fiscal and administrative burdens on the Government if it were required to release Petitioner and then hold a renewed hearing in order to re-detain him, this factor favors the Government.

Under these circumstances, the *Mathews* factors weigh in the Government's favor and outweigh Petitioner's interest in release and pre-deprivation process prior to his detention. To the extent Petitioner takes issue with the bond hearing itself, Petitioner can exercise his appellate rights before the BIA or seek a renewed bond hearing under 8 U.S.C. § 1226(a) should his circumstances materially change.

**IV. CONCLUSION AND ORDER**

For the foregoing reasons, the Petition is DENIED. The Clerk of Court is directed to close this case and enter judgment for Respondents. This order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 3, 2026

Noël Wise
United States District Judge